# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, <br><br> Plaintiff, <br><br> v. <br><br> FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank) <br><br> Defendant. | Civil Action No. _____ <br><br> **04-12634 NG** <br><br> MAGISTRATE JUDGE Cohen <br><br> **NOTICE OF REMOVAL** <br><br> RECEIPT # 60861 <br> AMOUNT $150 <br> SUMMONS ISSUED N/A <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. POM <br> DATE 12/16/04 |

**To: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 12 U.S.C. §632, defendant Fleet National Bank, erroneously called Fleet Boston Financial Corporation ("Fleet") hereby files this Notice of Removal in the above-entitled action and sets out below the grounds for this Notice of Removal.

1. On December 10, 2004, plaintiffs H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco, ("Boaleeco") filed a complaint (the "Original Complaint") against "FleetBoston Financial Corporation (f/k/a Fleet National Bank)" in the Superior Court of Essex County, Massachusetts. On December 13, 2004, Boal served process of the Original Complaint and Ex Part Motion for Temporary Restraining Order on Fleet National Bank.

2. On December 13, 2004, the Superior Court, Welch, J., entered a Temporary Restraining Order precluding Fleet from making payment on its Letter of Credit No. I-053-

NETS50027515 (the "Letter of Credit") originally issued in favor of the "Supreme Council of Universities" in Cairo, Egypt. The Letter of Credit as later amended making the Central Bank of Egypt the beneficiary.

3. The Complaint seeks damages and declaratory relief in connection with a Letter of Credit. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 12 U.S.C. §632 because defendant Fleet National Bank is a national banking association organized and existing under the laws of the United States, and the cause of action arises out of international banking transactions.

4. A copy of all process and pleadings served upon defendant FleetBoston Financial Corporation are filed with this notice and are attached as Exhibit A.

5. Fleet will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d), including filing a copy of this notice with the clerk of the Superior Court of Essex County, Massachusetts.

        FLEET NATIONAL BANK, erroneously
        named FLEETBOSTON FINANCIAL
        CORPORATION,
        By its attorneys,

        _____
        Donn A. Randall, BBO# 631590
        J. Patrick Kennedy, BBO# 565778
        Bulkley, Richardson, and Gelinas LLP
        One Post Office Squire, Suite 3700
        Boston, Massachusetts 02109
        Telephone: (617) 368-2500
        Facsimile: (617) 368-2525
        Email: drandall@bulkley.com

Dated: December 15, 2004

## CERTIFICATE OF SERVICE

I, Donn A. Randall, HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal was served on this 15th day of December, 2004, by facsimile and first class mail, postage prepaid, upon the following counsel of record:

> Robert L. Holloway, Jr., Esq.
> Thomas J. Flannagan, Esq.
> MacLean Holloway Doherty Ardif & Morse PC
> 8 Essex Center Drive
> Peabody, MA  01960

_____
Donn A. Randall

285550.1

# EX. A

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| H. Bruce Boal and Scott Lee Boal, A partnership d/b/a BOALEECO | FleetBoston Financial Corporation (f/k/a Fleet National Bank) |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| Robert L. Holloway, BBO#238560, Thomas J. Flannagan, BBO#564328 MacLean Holloway Doherty Ardiff & Morse, P.C. 8 Essex Center Drive, Peabody, MA 01960 (978) 774-7123 Board of Bar Overseers number | |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C.231,s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Injunctive Relief re letter of credit | (F) | ( ) Yes (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................... $ ..........
2. Total Doctor expenses ............................................................ $ ..........
3. Total chiropractic expenses ..................................................... $ ..........
4. Total physical therapy expenses ............................................... $ ..........
5. Total other expenses (describe) ............................................... $ ..........
                                                                Subtotal $ ..........
B. Documented lost wages and compensation to date ................... $ ..........
C. Documented property damages to date .................................. $ ..........
D. Reasonably anticipated future medical and hospital expenses ... $ ..........
E. Reasonably anticipated lost wages ........................................... $ ..........
F. Other documented items of damages (describe)
                                                                          $ ..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                TOTAL $ ..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This case seeks to enjoin the Defendants from paying on a letter of credit because the Plaintiff has fully performed under the contract to which the letter of credit relates.

                                                                TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have Complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

4-2225

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.  TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER:

H. BRUCE BOAL and SCOTT LEE BOAL, )
A Partnership d/b/a BOALEECO, )
          Plaintiff )
 )
v. )
 )
FLEETBOSTON FINANCIAL CORPORATION )
(f/k/a Fleet National Bank), )
          Defendant )

## VERIFIED COMPLAINT

### Parties

1.  Plaintiffs H. Bruce Boal and Scott Lee Boal are partners doing business as Boaleeco [hereinafter "Boaleeco"], with a usual place of business at Waters Way Industrial Park, 56 Pulaski Street, Peabody, Essex County, Massachusetts.

2.  The Defendant, FleetBoston Financial Corporation (f/k/a Fleet National Bank) [hereinafter "Fleet"], is a corporation with offices in this Commonwealth at 100 Federal Street, Boston, Suffolk County, Massachusetts.

### Factual Background

#### The Letter of Credit

3.  On or about October 25, 1988, Fleet issued a standby letter of credit [hereinafter "letter of credit"] in the original amount of $157,170.00) on behalf of Boaleeco and with a beneficiary of the "Supreme Council of Universities" [hereinafter "SCU"].

4.  The letter of credit was issued to secure Boaleeco's performance "to comply with the terms of Contract No. SCU/25-88/ARF."

5.  On or about June 30, 1989, Fleet amended the letter of credit to change the beneficiary thereof from SCU to the Central Bank of Egypt [hereinafter "CBE"].

6.  On or about June 16, 1998, Fleet further amended the letter of credit to change the amount thereof to $50,000.00.

7. On or about April 23, 2004, Fleet further amended the letter of credit to change the expiration date to December 30, 2004.

8. To this date, December 10, 2004, at no time have any claims been made to Boaleeco by SCU or CBE alleging failure to perform under the subject contract.

9. However, Boaleeco has recently been informed by Fleet that CBE intends to draw on the letter of credit.

10. Neither SCU nor CBE are entitled to draw funds on account of the letter of credit.

11. Despite this fact, Fleet has informed Boaleeco that it intends to honor the recent request by CBE to draw such funds.

12. If Fleet is permitted to pay the funds to CBE, thereby obligating Boaleeco to pay on the letter of credit, Boaleeco will be irreparably harmed because it will be nearly impossible to recoup those funds from CBE, whose offices are, upon information and belief, in Cairo, Egypt, and who is not, or may not, upon information and belief, be susceptible to service and jurisdiction in the Commonwealth.

13. The damage that Boaleeco will likely suffer if Fleet is permitted to pay funds to CBE on account of the letter of credit cannot be adequately and completely remedied at law.

14. Boaleeco has a reasonable likelihood of success on the merits of its claim because there has been no claim or demand upon Boaleeco under the subject contract and there is no basis for demand Fleet on the letter of credit. The original beneficiary of the letter of credit, SCU, upon information and belief, is no longer in operation.

15. Boaleeco seeks an injunction to prohibit Fleet from paying over any funds to CBE on account of the letter of credit to preserve the *status quo* until such time as the issue of whether there is any valid claim by CBE against Boaleeco is resolved.

16. The injunctive relief sought by Boaleeco will not harm Fleet but will preserve the *status quo*. Denial of the injunctive relief sought will irreparably harm Boaleeco now and into the future because it will not be possible for Boaleeco to recoup the funds from CBE if they are improperly or wrongfully paid to CBE by Fleet.

WHEREFORE, Boaleeco requests that this Court:

(a) Issue temporary injunctive relief to enjoin Fleet from paying any funds to CBE on account of the letter of credit;

(b) Preliminarily and permanently enjoin Fleet from paying any funds to CBE on account of the letter of credit; and

(c) award such other relief and issue such other orders as justice may require.

Respectfully submitted,
H. Bruce Boal and Scott Lee Boal,
A Partnership d/b/a Boaleeco,
By Its Attorneys,

Robert L. Holloway, Jr., BBO #238560
Thomas J. Flannagan, BBO #564328
MACLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA  01960

Dated: December 10, 2004    (978) 774-7123

## VERIFICATION

I, H. Bruce Boal, have read the above Verified Complaint and hereby verify that the facts stated therein are true and based upon my own personal knowledge, information and/or belief and/or on the books and records of Boaleeco and, insofar as they are based upon information and belief, I believe them to be true.

Signed this tenth day of December, 2004 under the pains and penalties of perjury.

H. Bruce Boal

3

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                              TRIAL COURT OF THE COMMONWEALTH
                                        SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NUMBER: 4-2225 C

H. BRUCE BOAL and SCOTT LEE BOAL,       )
A Partnership d/b/a BOALEECO,           )
                  Plaintiff             )
                                        )
v.                                      )
                                        )
FLEETBOSTON FINANCIAL CORPORATION       )
(f/k/a Fleet National Bank),            )
                  Defendant             )

## *Ex Parte* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco") respectfully requests that this Court enjoin Defendant FleetBoston Financial Corporation ("Fleet") as follows:

(a)    Temporarily and preliminarily enjoin Fleet from paying any funds to CBE on account of the letter of credit; and

(b)    award such other relief and issue such other orders as justice may require.

As grounds for this Motion, Boaleeco hereby incorporates by reference the Verified Complaint. Boaleeco also submits a proposed Order.

                        Respectfully submitted,
                        H. Bruce Boal and Scott Lee Boal,
                        A Partnership d/b/a Boaleeco,
                        By Its Attorneys,

                        _____
                        Robert L. Holloway, Jr., BBO #238560
                        Thomas J. Flannagan, BBO #564328
                        MACLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
                        8 Essex Center Drive
                        Peabody, MA 01960
Dated: December 10, 2004 (978) 774-7123

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                TRIAL COURT OF THE COMMONWEALTH
                                          SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NUMBER:

---

H. BRUCE BOAL and SCOTT LEE BOAL, )
A Partnership d/b/a BOALEECO, )
      Plaintiff )
)
v. )
)
FLEETBOSTON FINANCIAL CORPORATION )
(f/k/a Fleet National Bank), )
      Defendant )

### Proposed Order

Plaintiff Boaleeco's *Ex Parte* Motion for Temporary Restraining Order is ALLOWED. Accordingly, Defendant FleetBoston Financial Corporation is preliminarily enjoined for ten days from the date of this Order from paying any funds to Central Bank of Egypt on the letter of credit originally issued on October 25, 1988.

By the Court,

_____
                                                , J.

Flannagan, Thomas J./28144-1/TJF/49907

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER:

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, Plaintiff | ) ) ) ) |
| v. | ) ) |
| FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank), Defendant | ) ) ) |

### PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass.R.Civ.P. 4(c), Plaintiff H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco") respectfully requests that this Court appoint Richard Lombara of Beverly, Essex County, Massachusetts, a qualified disinterested person knowledgeable in the service of process, a person not a party to this Action, to serve all process in this Action. Appointment of Mr. Lombara will assure the immediate notification of Defendant FleetBoston Financial Corporation of the orders issued by this Court, including but not limited to any orders relating to Boaleeco's request for a temporary restraining order.

Respectfully submitted,
H. Bruce Boal and Scott Lee Boal,
A Partnership d/b/a Boaleeco,
By Its Attorneys,

Robert L. Holloway, Jr., BBO #238560
Thomas J. Flannagan, BBO #564328
MACLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA 01960
Dated: December 10, 2004 (978) 774-7123

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: 04-02225

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, Plaintiff<br><br>v.<br><br>FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank), Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## EMERGENCY *EX PARTE* MOTION FOR RECONSIDERATION REGARDING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Boaleeco requests that the Court reconsider its decision, made last Friday, December 10, 2004, to issue a Short Order of Notice rather than a Temporary Restraining Order to enjoin Defendant FleetBoston Financial Corporation from paying on a letter of credit. Plaintiff also requests that the Court issue a Temporary Restraining Order to last until such time as the Court, sitting at Lawrence, decides on the Plaintiff's original Temporary Restraining Order Motion. The hearing for that Motion, pursuant to the short order of notice, is set for 2:00 PM on Thursday, December 16, 2004. As grounds for this Motion for Reconsideration, Plaintiff states that its counsel has been informed by the Defendant (who was served in hand with the Complaint, Short Order of Notice, and accompanying papers this morning) will pay on the letter of credit no later than 3:00 p.m. today unless enjoined from doing so by the Court. David Grebe of Defendant Fleet has informed Plaintiff's counsel that the Defendant will refrain from paying only if an order to do so is made by this Court. **Exhibit 1 -- Affidavit of Thomas J. Flannagan.**

WHEREFORE, Plaintiff requests that this Court (1) reconsider its issuance of a short order of notice on Plaintiff's *Ex Parte* Motion for Temporary Restraining Order; and (2) issue a Temporary Restraining Order to last until such time as the Lawrence Superior Court (at the hearing scheduled for 2:00 PM on Thursday, December 16, 2004) renders a decision on Plaintiff's original *Ex Parte* Motion for Temporary Restraining Order.

                          Respectfully submitted,
                          H. Bruce Boal and Scott Lee Boal,
                          A Partnership d/b/a Boaleeco,
                          By Its Attorneys,

                          Robert L. Holloway, Jr., BBO #238560
                          Thomas J. Flannagan, BBO #564328
                          MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
                          8 Essex Center Drive
                          Peabody, MA   01960
Dated: December 13, 2004    (978) 774-7123

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                    TRIAL COURT OF THE COMMONWEALTH
                              SUPERIOR COURT DEPARTMENT
                              CIVIL ACTION NUMBER: 04-02225

H. BRUCE BOAL and SCOTT LEE BOAL, )
A Partnership d/b/a BOALEECO, )
    Plaintiff )
)
v. )
)
FLEETBOSTON FINANCIAL CORPORATION )
(f/k/a Fleet National Bank), )
    Defendant )

## AFFIDAVIT OF THOMAS J. FLANNAGAN

I, Thomas J. Flannagan, hereby depose and state the following of my own personal knowledge.

1. I am an attorney representing the Plaintiff Boaleeco.

2. On December 10, 2004, I brought an Ex Parte Motion for Temporary Restraining Order with this Court, seeking to enjoin Defendant FleetBoston Financial Corporation ("Defendant") from paying on a letter of credit.

3. This Court issued a Short Order of Notice rather than a Temporary Restraining Order, and a hearing is scheduled for 2:00 p.m. on Thursday, December 16, 2004 in Lawrence.

4. Service was made in hand upon the Defendant this morning. Shortly after service was made, Defendant's representative, David Grebe, called to inform me that he had received service of all papers. He also informed me that because a restraining order had not been issued by the Court the Defendant had no choice but to pay on the letter of credit no later than 3:00 p.m. today (December 13, 2004).

5. Unless a Temporary Restraining Order is granted, the Defendant will pay on the letter of credit. Accordingly, the Plaintiff continues to have no adequate remedy at law.

Subscribed and sworn to under the pains and penalties of perjury this 13th day of December, 2004.

_____
Thomas J. Flannagan

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: 04-02225 -C

H. BRUCE BOAL and SCOTT LEE BOAL, )
A Partnership d/b/a BOALEECO, )
          Plaintiff )
    )
v. )
    )
FLEETBOSTON FINANCIAL CORPORATION )
(f/k/a Fleet National Bank), )
          Defendant )

*[Handwritten: Welch, J. 12/13/04 Upon Payment of $90.00 TRO to Issue Returnable 12/16/04 at 2PM Attest: QB Asst Clerk]*

## EMERGENCY *EX PARTE* MOTION FOR RECONSIDERATION REGARDING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Boaleeco requests that the Court reconsider its decision, made last Friday, December 10, 2004, to issue a Short Order of Notice rather than a Temporary Restraining Order to enjoin Defendant FleetBoston Financial Corporation from paying on a letter of credit. Plaintiff also requests that the Court issue a Temporary Restraining Order to last until such time as the Court, sitting at Lawrence, decides on the Plaintiff's original Temporary Restraining Order Motion. The hearing for that Motion, pursuant to the short order of notice, is set for 2:00 PM on Thursday, December 16, 2004. As grounds for this Motion for Reconsideration, Plaintiff states that its counsel has been informed by the Defendant (who was served in hand with the Complaint, Short Order of Notice, and accompanying papers this morning) will pay on the letter of credit no later than 3:00 p.m. today unless enjoined from doing so by the Court. David Grebe of Defendant Fleet has informed Plaintiff's counsel that the Defendant will refrain from paying only if an order to do so is made by this Court. **Exhibit 1 – Affidavit of Thomas J. Flannagan.**

*[Signature]*
DEPUTY ASST CLERK

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL ACTION NUMBER: 04-2225-C

H. BRUCE BOAL and SCOTT LEE BOAL, )
A Partnership d/b/a BOALEECO, )
        Plaintiff )
  )
v. )
  )
FLEETBOSTON FINANCIAL CORPORATION )
(f/k/a Fleet National Bank), )
        Defendant )

### Proposed Order

Plaintiff Boaleeco's "Emergency *Ex Parte* Motion for Reconsideration Regarding Plaintiff's *Ex Parte* Motion for Temporary Restraining Order" is ALLOWED. After reconsideration, Plaintiff's *Ex Parte* Motion for Temporary Restraining Order is ALLOWED. Accordingly, Defendant FleetBoston Financial Corporation is preliminarily enjoined from the date of this Order from paying any funds to Central Bank of Egypt on the letter of credit originally issued on October 25, 1988. This temporary restraining order shall continue in effect until such time as this Court, sitting at Lawrence, decides Plaintiff's original "*Ex Parte* Motion for Temporary Restraining Order", which is scheduled for hearing at 2:00 PM on Thursday, December 16, 2004 at Lawrence Superior Court. *This order expires at 2:00 pm December 16, 2004.*

By the Court,

_____, J.

12/13/04

_____
DEPUTY

Flannagan, Thomas J./28144-1/TJF/49907

Commonwealth of Massachusetts
County of Essex
The Superior Court

CIVIL DOCKET# ESCV2004-02225-C

RE: Boal et al v FleetBoston Financial Corporation

TO: Thomas J Flannagan, Esquire
MacLean Holloway Doherty Ardiff & Morse PC
8 Essex Center Drive
Peabody, MA 01960

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 03/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/09/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/09/2005 |
| All motions under MRCP 15 filed | 05/09/2005 |
| All discovery requests and depositions completed | 10/06/2005 |
| All motions under MRCP 56 served and heard | 11/05/2005 |
| Final pre-trial conference held and firm trial date set | 12/05/2005 |
| Case disposed | 02/03/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **C sitting in CtRm 3 (Lawrence) at Essex Superior Court.**

Dated: 12/10/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Kevin Jones
Assistant Clerk

Location: CtRm 3 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtrac_2.wpd 514532 iniopc01 exarhosa

FORM JS 44
ADDENDUM TO LOCAL COVER SHEET

8.  Plaintiff moved ex parte for an injunction prohibiting Fleet National Bank from paying on a letter of credit. The Superior Court granted a Temporary Restraining Order pending a hearing in this matter. The hearing was scheduled for December 16, 2004.

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a BOALFECO

### DEFENDANTS
FleetBoston Financial Corporation (f/k/a Fleet National Bank)

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Holloway, Jr.    978-774-7127
MacLean Holloway Doherty Ardiff & Morse, PC
8 Essex Center Dr., Peabody, MA 01960

Attorneys (If Known)
Donn A. Randall  617-368-2500
Bulkley, Richardson and Gelinas, LLP
One Post Office Sq., Ste. 3700, Boston, MA 02109

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☒ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
12 U.S.C. §632   Corporation organized under the laws of the United States this case arising out of international transaction

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 12/15/04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) H. Bruce Boal vs. FleetBoston Financial

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases
   - [ ] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [X] IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [X]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Donn A. Randall, Esq.
ADDRESS  One Post Office Square, Suite 3700, Boston, MA 02109
TELEPHONE NO.  (617) 368-2500

(Coversheetlocal.wpd - 10/17/02)