UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL<br>A Partnership d/b/a BOALEECO,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FLEETBOSTON FINANCIAL CORPORATION<br>(f/k/a Fleet National Bank),<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 04-12634-NG |

**ANSWER TO VERIFIED COMPLAINT AND**
**COUNTERCLAIM OF FLEET NATIONAL BANK**

Pursuant to Fed. R. Civ. P. 8, defendant Fleet National Bank ("Fleet"), erroneously named FleetBoston Financial Corporation (f/k/a Fleet National Bank), hereby answers the Verified Complaint filed by plaintiffs H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco"), in numbered paragraphs corresponding to those of the Verified Complaint, as follows:

**Parties**

1.     Fleet lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 1.

2.     Fleet admits that Fleet National Bank is a wholly-owned subsidiary of Bank of America Corporation, which is a corporation having offices at 100 Federal Street, Boston, Suffolk County, in the Commonwealth of Massachusetts, but otherwise denies the factual allegations contained in paragraph 2.

**Factual Background**

**The Letter of Credit**

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Fleet lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 8.

9. Admitted.

10. Denied.

11. Fleet admits that it informed Boaleeco that it intends to honor the recent request by the confirming bank on the Standby Letter of Credit, Citibank, N.A., to make payment on the Standby Letter of Credit, but otherwise denies the factual allegations contained in paragraph 11.

12. Denied.

13. Denied.

14. Fleet lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 14.

15. Fleet admits that Boaleeco sought and obtained from the Essex County, Massachusetts Superior Court a Temporary Restraining Order, entered on December 13, 2004, preventing Fleet from making payment on the Standby Letter of Credit, but otherwise denies the factual allegations contained in paragraph 15.

16. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Verified Complaint fails to state a claim against Fleet upon which relief can be granted.

### Second Affirmative Defense

Boaleeco has suffered no damages as a result of any of Fleet's actions.

### Third Affirmative Defense

Any damage suffered by Boaleeco was caused by parties for whom Fleet is not legally responsible or answerable.

### Fourth Affirmative Defense

Fleet's conduct is and has been in accordance with its obligations under the Standby Letter of Credit Agreement between Fleet and Boaleeco; the Uniform Customs and Practice for Documentary Credits, *International Chamber of Commerce*, Publication No. 500 (1993); and the Uniform Commercial Code.

### Fifth Affirmative Defense

Boaleeco is responsible for paying all of Fleet's damages, charges, costs and/or expenses incurred or paid in this action, including reasonable attorneys' fees, pursuant to the Standby Letter of Credit Agreement between Boaleeco and Fleet.

### Sixth Affirmative Defense

Fleet is entitled to an award of attorneys' fees, costs, expenses and interest pursuant to MGL c. 231, § 6F because Boaleeco's claims are insubstantial, frivolous or made in bad faith.

## COUNTERCLAIM

For its Counterclaim against plaintiffs and defendants-in-counterclaim H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco"), defendant and plaintiff-in-counterclaim Fleet National Bank ("Fleet") hereby alleges as follows:

1. Defendant and plaintiff-in-counterclaim Fleet National Bank is a wholly-owned subsidiary of Bank of America Corporation, which is a corporation having offices at 100 Federal Street, Boston, Suffolk County, in the Commonwealth of Massachusetts.

2. Plaintiffs and defendants-in-counterclaim H. Bruce Boal and Scott Lee Boal conduct business as A Partnership d/b/a Boaleeco.

3. This Court has jurisdiction over this action by reason of a federal question conferred by United States law, 12 U.S.C. § 632, because Fleet is a national banking association organized and existing under the laws of the United States, and the cause of action arises out of an international banking transaction.

4. On or about October 20, 1988, Fleet's predecessor, Bank of Boston, at the request of its customer, Boaleeco, issued its irrevocable standby letter of credit number 50027518 (the "Standby Letter of Credit") in favor of the Supreme Council of Universities located in Cairo, Egypt.

5. In 1989, the Standby Letter of Credit was amended and the beneficiary was changed to the Central Bank of Egypt ("CBE").

6. The Standby Letter of Credit was subsequently confirmed by Citibank, N.A. ("Citibank"). A copy of the original Standby Letter of Credit and pertinent amendments is attached hereto as Exhibit A.

7. By the terms of the Standby Letter of Credit, $50,000 is available to the beneficiary upon presentation of conforming documents.

8. Citibank, the confirming bank on the Standby Letter of Credit, has notified Fleet that it has been presented with conforming documents and is obligated to collect funds for the beneficiary, CBE. Citibank, in turn, has requested reimbursement from Fleet.

9. Citibank has determined that the documents required for payment on the Standby Letter of Credit are conforming, and is obligated to pay the amount of the Standby Letter of Credit to the beneficiary, CBE.

10. The Standby Letter of Credit was issued by Fleet subject to an agreement between Boaleeco and Fleet known as the Standby Letter of Credit Agreement. A copy of the Standby Letter of Credit Agreement is attached hereto as the last page of Exhibit A.

11. The Standby Letter of Credit Agreement states in paragraph 3 that:

> The Customer agrees to indemnify the Bank and its correspondents for and hold them harmless against any and all claims, loss, liability, or damage, including reasonable attorney fees, howsoever arising from or in connection with the Credit. The agreements in this paragraph will survive any payment under or termination of this Agreement.

12. The Standby Letter of Credit Agreement states in paragraph 4 that:

> The Customer will pay the Bank on demand all charges, costs, and expenses, including reasonable attorney fees, incurred or paid by the Bank in connection with the exercise of any right, power, or remedy hereunder, or in the enforcement thereof.

13. Boaleeco is the "Customer" and Fleet is the "Bank" for purposes of the Standby Letter of Credit Agreement.

14. Fleet has incurred damages, including attorneys' fees, arising from or in connection with Boaleeco's filing of this action seeking a restraining order preventing Fleet from making payment under the Standby Letter of Credit.

15. Fleet has incurred or paid charges, costs and/or expenses, including attorneys' fees, arising from or in connection with Boaleeco's filing of this action seeking a restraining order preventing Fleet from making payment under the Standby Letter of Credit.

16. Fleet is entitled to indemnification from, reimbursement of and/or payment by Boaleeco of all damages, charges, costs and/or expenses, including attorneys' fees, incurred or paid by Fleet arising from or in connection with Boaleeco's filing of this action seeking a restraining order preventing Fleet from making payment under the Standby Letter of Credit.

WHEREFORE, defendant and plaintiff-in-counterclaim Fleet National Bank, erroneously named FleetBoston Financial Corporation, respectfully requests that this Court:

(1) Deny any motion for temporary restraining order or preliminary injunction filed by Boaleeco;

(2) Dismiss the Verified Complaint with prejudice;

(3) Enter judgment for Fleet and against Boaleeco on Fleet's Counterclaim;

(4) Award Fleet its damages, charges, costs and expenses, including attorneys' fees, incurred in defending this action, in an amount to be determined at trial; and

(5)   Award such other relief as this Court deems just and proper.

                      FLEET NATIONAL BANK, ERRONEOUSLY NAMED FLEETBOSTON FINANCIAL CORPORATION,

                      By its Attorneys,

                      /s/ *J. Patrick Kennedy*
                      Donn A. Randall, BBO #631590
                      J. Patrick Kennedy, BBO #565778
                      Bulkley, Richardson and Gelinas, LLP
                      One Post Office Square, Suite 3700
                      Boston, MA  02109
                      (617) 368-2500
                      Fax: (617) 368-2525

Dated: January 3, 2005

286398-1

# BANK OF BOSTON

THE FIRST NATIONAL BANK OF BOSTON
POST OFFICE BOX 1763
BOSTON, MASSACHUSETTS 02105 U.S.A.

```
AMENDMENT                                    DATE: June 30, 1989

ADVISING BANK                                CONFIRMING OUR CABLE OF TODAY

CENTRAL BANK OF EGYPT                        Credit Number:
1, EL ALFY STREET                             I-053-NETS-50027518
CAIRO, EGYPT A.R.E.                          Opener Reference No:
                                              B/30375


Dear Sirs:

We are instructed by :

BOALEECO
WATERS WAY INDUSTRIAL PARK
56 PULASKI STREET
PEABODY, MA  01960

By order of BOALEECO, INC.
to amend our credit 50027518 as issued in favor of :

SUPREME COUNCIL OF UNIVERSITIES
FOREIGN RELATIONS CO-ORDINATION
UNIT
CAIRO UNIVERSITY BLDG.
GIZA, CAIRO, EGYPT A.R.E.

This amendment is an integral part of the original credit.
All other terms and conditions of the original credit instrument remain
unchanged.

Amended terms :

Amended Beneficiary:

CENTRAL BANK OF EGYPT
1, EL ALFY STREET
CAIRO, EGYPT A.R.E.

Expiration date: December 1, 1989

BENEFICIARY OF OUR CREDIT NOW CENTRAL BANK OF EGYPT
PLEASE ISSUE YOUR GUARANTEE IN FAVOR OF SUPREME COUNCIL OF UNIVERSITIES
FOREIGN RELATIONS CO-ORDINATION UNIT, CAIRO UNIVERSITY BLDG., GIZA,
CAIRO, EGYPT A.R.E.FOR US$157,170.00 VALID UNITL NOVEMBER 1, 1989
RELATIVE TO THE FAILURE OF BOALEECO TO COMPLY WITH THE TERMS OF CONTRACT
NO. SCU/25/88/ARF.

TO SUPPORT YOUR GUARANTEE OUR CREDIT NOW IN YOUR FAVOR IS PAYABLE
AGAINST DRAFT AT SIGHT ON THE FIRST NATIONAL BANK OF BOSTON, BOSTON, MA
ACCOMPANIED BY YOUR SIGNED STATEMENT CERTIFYING: 'THE AMOUNT OF OUR
DRAFT REPRESENTS FUNDS WE HAVE BEEN REQUIRED TO PAY UNDER OUR GUARANTEE
  FAVOR OF SUPREME COUNCIL OF UNIVERSITIES FOREIGN RELATIONS
   ORDINATION UNIT, CAIRO UNIVERSITY BLDG., GIZA, CAIRO, EGYPT A.R.E. ON
   ALF OF BOALEECO RELATIVE TO THE FAILURE OF BOALEECO TO COMPLY WITH
```

OFFICE RECORD

3

# BANK OF BOSTON
THE FIRST NATIONAL BANK OF BOSTON
POST OFFICE BOX 1763
BOSTON, MASSACHUSETTS 02105 U.S.A.

AMENDMENT                                              DATE: June 30, 1989

PAYMENT IS AVAILABLE AGAINST YOUR SIMPLE DEMAND BY TELEX OR CABLE
CERTIFYING ALL TERMS COMPLIED WITH AND DOCUMENTS BEING AIRMAILED.

OUR CREDIT TO EXPIRE DECEMBER 1, 1989

FOR REFERENCE YOUR NUMBER INDICATED ON CHARGES PAID IS 12/CC22L/G
This letter is to accompany all draft(s) and documents. When presenting
your draft(s) and documents or when communicating with us please make
reference to our reference number shown above.

                                Yours very truly,

                                ----------------------------------------
                                Authorized Official

1492 (REV. 5/83)                     Page 2
                                OFFICE RECORD                              3

```
    SENDER          RECEIVER        MSG        L/C            DOC TRACK                          ERROR
 SWFT ADDRESS    SWFT ADDRESS       TYPE        ID                ID              STATUS         FOUND

 CITIUS33AXXX    FNBSJS33AXXX        799    0000000000000    0000001671904         LOG            YES
```

TRN #: 041208023263


CITIBANK
ATTN. MARIA COCOTLO
111 WALL STREET 16TH FLOOR ZONE 1
NEW YORK                    NY 10043

```
:20 : TRANSACTION REFERENCE NUMBER
 :  : 09617648
 :  :
:21 : RELATED REFERENCE
 :  : ISS0027518
 :  :
:79 : NARRATIVE
 :  : SBLC CLAIM FOR USD50,000.00
 :  : .
 :  : WE HEREBY ADVISE YOURSELVES THAT WE ARE IN
 :  : RECEIPT OF DEMAND FOR PAYMENT FROM THE
 :  : BENEFICIARY CENTRAL BANK OF EGYPT AS THE
 :  : APPLICANT BOALEECO, INC. HAS FAILED TO COMPLY
 :  : WITH THE TERMS OF CONTRACT NO. SCU/25-88/ARF.
 :  : UNDER A/M SBLC IN ORDER, COMPLIANT WITH SBLC
 :  : TERMS.
 :  : .
 :  : URGENTLY, PLEASE REMIT FUNDS TO CITIBANK, N.A.
 :  : 0210 0 0089 F/O MCA 3603008 ATTN MARJORIE
 :  : FRANCIS-HADLEY  QUOTING OUR REF 09617648. CLAIM
 :  : TOTALLING USD50,160.02 COMPRISING OF PRINCIPAL
 :  : PYMT USD50,000.00
 :  : CORRESP. CHGS USD10.02 PLUS OUR PAYMENT COMM.
 :  : USD150.00.
 :  : .
 :  : REGARDS, DEC. 8, 2004
 :  : MARJORIE FRANCIS-HADLEY
 :  : TEL. 813-604-7094
 :  : FAX. 813-604-7070
 :  :
```



RECEIVED
FLEET BANK N.A.

2003 AUG 11  PM 12: 44

GLOBAL TRADE  AIR MAIL
OPERATIONS  REGISTERED

# Central Bank Of Egypt
### Credits Dept.

In reply please quote
Ref.No.  22L/G

Cairo, 2 7 JUL 2003

FLEET NATIONAL BANK,
100 FEDERAL STREET
BOSTON, MA,
U.S.A.

ATT: MICHAEL GRIZZANTI
SCRANTON, PA 18507

**Outstanding Balance of Letter of Guarantee
Issued by us according to your instructions
As shown in our records as at 30.6.2003**

Dear Sirs,

We quote hereunder the statement of the above-mentioned Guarantee as at 30.6.2003.

| Guarantee No. Ours / Yours. | Balance at 30.6.2003 | Validity |
|---|---|---|
| MM 3572/1 S 50027518 | USD. 50000 | 31.10.2003 |

Confirmed by Citibank, New York, U.S.A.
We shall be much obliged if you will kindly notify to us correctness of the said information. In the event of not receiving any remarks thereof, within thirty days, it will be considered as correct and agreed by you.

Your co-operation in this respect will be highly appreciated.

**N.B.**
Please send your confirmation
to our following external auditor
and a copy to us:-

Yours Faithfully
HOSNY A. Khaled
Assistant Manager  p.13

Mr. Zarok, Khaled and Co.,
1 Wady El Nile, St.,
Mohandessen,
P.O.Box 12655/110
Giza, A.R.E.

M.

---

1 Alfy St., Cairo, Egypt          Tel.: 5930261 – 5916276          Fax.:5902309
E.Mail-credit@cbe.org.eg

DATE OF AMENDMENT: APRIL 23, 2004

AMENDMENT TO LETTER OF CREDIT NO. 1S50027518
DATE OF ISSUE: AUGUST 1, 1999

ISSUING BANK:
FLEET NATIONAL BANK
C/O GLOBAL TRADE OPERATIONS
1 FLEET WAY, MAIL STOP: PAEH0802SM
SCRANTON PA 18507-1999

APPLICANT:
BOALEECO
WATERS WAY INDUSTRIAL PARK
56 PULASKI STREET
PEABODY, MA 01960

ADVISING BANK:
CITIBANK
111 WALL STREET
NEW YORK, NY 10043

BENEFICIARY:
CENTRAL BANK OF EGYPT
1, EL ALFY STREET
CAIRO 00000

THE ABOVE MENTIONED CREDIT IS AMENDED AS FOLLOWS:

THE DATE OF EXPIRY IS AMENDED TO DECEMBER 30, 2004.

ALL CORRESPONDENCE INCLUDING PRESENTATIONS UNDER THIS LETTER OF CREDIT SHALL BE SENT TO FLEET NATIONAL BANK, ATTN: GLOBAL TRADE OPERATIONS DEPT., STANDBY UNIT, 1 FLEET WAY, SCRANTON, PA 18507.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

ADDITIONAL INSTRUCTIONS FOR ADVISING CORRESPONDENT BANK :
PLEASE ADVISE CENTRAL BANK OF EGYPT TO EXTEND GUARANTEE NO. C/D/LG MM3572 TO 30 NOVEMBER 2004.

_SENT SWIFT_
AUTHORIZED SIGNATURE



**STANDBY LETTER OF CREDIT APPLICATION**

# BANK OF BOSTON
THE FIRST NATIONAL BANK OF BOSTON
P.O. BOX 1763          BOSTON, MA 02105

Date __October 20, 1988__          Applicant's Reference No. __B/30375__

---

**FOR BANK USE ONLY**

PARTY NO._____ LETTER TYPE_____

OCT 21 1988

---

### PLEASE OPEN AN IRREVOCABLE STANDBY LETTER OF CREDIT UNDER THE TERMS SET FORTH BELOW

---

Standby Letter of Credit to be sent by:
- ☐ Mail
- ☐ Express Mail
- ☐ Airmail
- ☒ Full Text Cable
- ☐ Airmail with Preadvice Cable
- ☐ Courier (limited availability)

---

**Account Party (Opener)**

Boaleeco
56 Pulaski Street
Peabody, MA  01960

**Beneficiary**

Supreme Council of Universities
Foreign Relations Co-ordination Unit
Cairo University Bldg.
Giza, Cairo, Egypt   A. R. E.

**Advising Bank** (if beneficiary specifies bank)_____

Central Bank of Egypt
1, El Alfy Street
Cairo, Egypt   A. R. E.

**Amount** __US$ 157,170.00__
(Indicate Currency)

Available against the
beneficiary's drafts drawn at sight on
The First National Bank of Boston
Boston, Massachusetts

(Expiry Date (Required)   Nov. 1, 1989)

(Effective Date (Not Required))

TEXT: (Required)    (per attached text)

_____

(Should additional space be required, use back page of this form.)

☐ Standby Letter of Credit is transferable
☐ Special Instructions_____

The opening of this credit substantially in the form requested herein, is subject to the terms and conditions as set forth in the Standby Letter of Credit Agreement on the next page to which we agree.

Note to Correspondent Bank or Third Party Obligor: Please sign as Applicant. Signature of Account Party (opener) should be affixed below.

BOALEECO    _HB Byrd_
             Applicant (Authorized Signature)

56 Pulaski Street
             Applicant Address

Peabody, MA   01960

Telephone   (508) 532-9266

(Customer)

# STANDBY LETTER OF CREDIT AGREEMENT

"Application" means the written application by the Customer to the Bank for the issuance of a letter of credit and includes all modifications made with the Customer's written or oral agreement or consent.

"Bank" means The First National Bank of Boston and includes its overseas branches.

"Collateral" includes all property in which the Bank at any particular time has a security interest and the proceeds thereof.

"Credit" means a letter of credit issued pursuant to the Application, including any amendments or modifications of such Credit.

"Customer" means the party or parties signing the Application jointly and severally if more than one.

"Uniform Customs and Practice" means the "Uniform Customs and Practice for Documentary Credits (1983 Revision), International Chamber of Commerce, Publication No. 400, and any subsequent revisions thereof approved by the International Chamber of Commerce.

---

In consideration of the Bank opening at the Customer's request, a Credit, the Customer hereby agrees with the Bank as follows:

1. The Customer will pay the Bank, in United States currency, the amount of each drawing under the Credit, together with interest, commissions, all customary charges, and all other disbursements or payments by the Bank pursuant to the Credit or this Agreement, such payment to be made on demand with interest from the date of payment under the Credit to the date of payment by the Customer to the Bank. If a drawing is payable in foreign currency, the Customer will pay the Bank the equivalent of the amount of such drawing in United States currency, at the Bank's then selling rate for cable transfers to the place of payment or to the place of the Bank's settlement of its obligation, as the Bank may require. If there is no rate of exchange for effecting such cable transfer, the Customer will pay the Bank on demand the amount in United States currency equivalent to the Bank's actual cost of settlement, with interest on the amount in United States currency payable by the Customer from the date of settlement to the date of payment by the Customer. Unless otherwise agreed, interest and commission payable hereunder shall be at such rate as the Bank may deem appropriate; provided however, that the rate of interest on default on any of the Customer's obligations hereunder will be 125 percent of the Base Rate. The Base Rate is the rate of interest announced from time to time by the Bank at its head office as its Base Rate. Any amount which at any time may be owing by the Customer to the Bank pursuant to this Agreement may be charged against any funds held by the Bank for the account of the Customer.

2. The Customer will promptly examine (a) the copy of the Credit (and any amendments thereof) sent to it by the Bank and (b) all instruments and documents delivered to it from time to time by the Bank, and the Customer will, within twenty-four (24) hours or receipt thereof, notify the Bank of any irregularity or claim of non-compliance with the Customer's instructions. The Customer is conclusively deemed to have waived any such claim against the Bank and its correspondents unless such notice is given as aforesaid.

3. The Customer agrees to indemnify the Bank and its correspondents for and hold them harmless against any and all claims, loss, liability, or damage, including reasonable attorney fees, howsoever arising from or in connection with the Credit. The agreements in this paragraph will survive any payment under or termination of this Agreement.

4. The Customer will pay the Bank on demand all charges, costs, and expenses, including reasonable attorney fees, incurred or paid by the Bank in connection with the exercise of any right, power, or remedy hereunder, or in the enforcement thereof.

5. Any deposits or other sums at any time credited by or due from the Bank to the Customer and any securities or other property of the Customer in the possession of the Bank or any of its correspondents may at all times be held and treated as Collateral for the payment of any obligations of the Customer to the Bank hereunder, whether direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising. Regardless of the adequacy of any Collateral, any deposits or other sums credited by or due from the Bank to the Customer may, at any time, be applied to or set off against such liabilities and obligations without notice.

6. If the Bank shall in good faith deem itself insecure at any time, or upon (1) failure of the Customer to perform any of its obligations under this Agreement, or any of its obligations for borrowed money or in respect of any extension of credit or accommodation under any lease, (2) the death, insolvency, dissolution, termination of existence, suspension of business, appointment of a receiver of any part of the property of, assignment for the benefit of creditors by, or the commencement of any proceeding under any law relating to Bankruptcy or insolvency by or against the Customer, (3) the issuance of or application for a writ or order of attachment or garnishment against any Collateral or a substantial part of the property or assets of the Customer, or (4) any governmental authority, or any court at the instance of any governmental authority, taking possession of any substantial part of the property of the Customer or assuming control over the affairs or operations of the Customer, thereupon, the Bank may, (a) without notice or demand, declare any and all of the obligations and liabilities, direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising, of the Customer to the Bank under this Agreement, to be immediately due and payable, and the Bank will have all of the rights and remedies provided hereunder and by law and/or (b) require the Customers to deliver to the Bank to be held and treated as Collateral such other property of the Customer equal in amount or value to 125% of the Credit, and the Customer shall promptly deliver the same upon request.

7. Neither the Bank nor its correspondents shall be in any way responsible for performance by any Beneficiary of its obligations to the Customer, nor for the form, sufficiency, correctness, genuineness, authority of person signing, falsification or legal effect of any documents called for under the Credit if such documents on their face appear to be in order.

8. The Bank may honor, as complying with the terms of the Credit and of the Application therefor, any drafts or other documents otherwise in order signed or issued by an administrator, executor, conservator, trustee in Bankruptcy, debtor in possession, assignee for benefit of creditors, liquidator, receiver, or other legal representative of the party authorized under the Credit to draw or issue such drafts or other documents.

9. Unless otherwise expressly agreed to, the Customer hereby authorizes the Bank to (a) select an advising bank, if any, (b) authorize or restrict negotiation under the Credit, and (c) waive any such restriction on negotiation.

10. This Agreement and a request or consent to any modification, change, amendment, waiver, or any other action pursuant to this Agreement, will be binding upon the Customer and its respective heirs, executors, administrators, successors, and assigns and will inure to the benefit of and be enforceable by the Bank, its successors, and assigns. In the event that any provision hereof is determined by a court of competent jurisdiction to be invalid, such invalidity will not affect any other provision of this Agreement. The Customer represents and warrants that the execution, delivery, and performance by the Customer hereof has been duly authorized by all necessary corporate and/or other action and that the making and performance hereof by the Customer does not and will not contravene the terms of any existing law, agreement, or instrument by which the Customer is bound or to which the Customer is subject.

11. The failure of the Bank to enforce at any time any provision hereof will not be construed to be a waiver of such provision or of the right of the Bank thereafter to enforce any such provision.

12. The Credit will be subject to, and performance by the Bank, its correspondents and the Beneficiary thereunder will be governed by, the Uniform Customs and Practice, except to the extent it is otherwise expressly agreed. In the event the Credit is subject to laws other than the Uniform Customs and Practice, any action, inaction, or omission on the part of the Bank or its correspondents in connection with the Credit, and in good faith reliance on such laws, will be deemed to be in compliance with the Credit and this Agreement and the Customer hereby indemnifies the Bank and its correspondents from and holds them harmless against any and all loss, liability, damage, cost, or expense (including reasonable attorney fees) incurred thereby.

13. It is agreed that all directions and correspondence relating to the Credit are to be sent at the Customer's risk and that the Bank does not assume any responsibility for any inaccuracy, interruption, error, or delay in transmission or delivery by post, telegraph, cable, or courier for any inaccuracy of translation.

14. This Agreement is made in the Commonwealth of Massachusetts and shall be deemed to be a contract under seal to be governed by and construed in accordance with the laws of said Commonwealth. The Bank's rights, powers, and remedies specified herein are cumulative and are in addition to those otherwise created or existing by law or agreement.