Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2004-02225
### Boal et al v FleetBoston Financial Corporation

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 12/10/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 01/03/2005 | **Session** | C - Civil-CtRm 3 (Lawrence) | | |
| **Origin** | 1 | **Case Type** | D99 - Misc equitable remedy | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 03/10/2005 | **Answer** | 05/09/2005 | **Rule12/19/20** | 05/09/2005 |
| **Rule 15** | 05/09/2005 | **Discovery** | 10/06/2005 | **Rule 56** | 11/05/2005 |
| **Final PTC** | 12/05/2005 | **Disposition** | 02/03/2006 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
H Bruce Boal
Waters Way Industrial Park
56 Pulaski Street
Peabody, MA 01960
a Partnership dba Boaleeco
Active 12/10/2004

**Private Counsel 238560**
Robert L Holloway Jr
MacLean Holloway Doherty Ardiff & Morse
PC
8 Essex Drive
Peabody, MA 01960
Phone: 978-774-7123
Fax: 978-774-7164
Active 12/10/2004 Notify

**Plaintiff**
Scott Lee Boal
Waters Way Industrial Park
56 Pulaski Street
Peabody, MA 01960
a Partnership dba Boaleeco
Active 12/10/2004

*** See Attorney Information Above ***

**Doing busnss as (alias)**
Boaleeco
Waters Way Industrial Park
56 Pulaski Street
Peabody, MA 01960
Active 12/10/2004

*** See Attorney Information Above ***

**Defendant**
FleetBoston Financial Corporation
100 Federal Street
Boston, MA 02110
Service pending 12/10/2004

A TRUE COPY ATTEST
[signature]
DEPUTY ASST CLERK

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2004-02225
### Boal et al v FleetBoston Financial Corporation

**Alias defendant name**
Fleet National Bank
Active 12/10/2004

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/10/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 12/10/2004 | | Origin 1, Type D99, Track F. |
| 12/10/2004 | 2.0 | Plaintiffs ex parte MOTION for Temporary Restraining Order |
| 12/10/2004 | 3.0 | Plaintiffs ex parte MOTION for appointment of special process server Richard Lombara |
| 12/10/2004 | | MOTION (P#3) ALLOWED (Welch, Justice) December 10, 2004 |
| 12/10/2004 | | Summons and order of notice issued; returnable December 16, 2004 |
| 12/13/2004 | 4.0 | Plaintiffs emergency MOTION for reconsideration regarding (P#2) |
| 12/13/2004 | 5.0 | ORDER emergency Ex Party Motion for Reconsideration Regarding Plaintiff's Ex Party Motion for Temporary Restraining Order is Allowed. 12/13/2004 (Welch, J.) |
| 01/03/2005 | 6.0 | Certified Copy of Notice for Removal to the United States District Court filed by FleetBoston Financial Corporation filed 12/29/04 |
| 01/03/2005 | 7.0 | ORDER transferring case to United States District Court (Patrick Riley, Justice) |
| 01/03/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/16/2004 | Civil-CtRm 3 (Lawrence) | Motion/Hearing: prel inj | Event not held-req of Plaintiff |

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.	TRIAL COURT OF THE COMMONWEALTH
	SUPERIOR COURT DEPARTMENT
	CIVIL ACTION NUMBER:

	A 2225

H. BRUCE BOAL and SCOTT LEE BOAL,	)
A Partnership d/b/a BOALEECO,	)
	Plaintiff	)
	)
v.	)
	)
	)
FLEETBOSTON FINANCIAL CORPORATION	)
(f/k/a Fleet National Bank),	)
	Defendant	)

## VERIFIED COMPLAINT

### Parties

1. Plaintiffs H. Bruce Boal and Scott Lee Boal are partners doing business as Boaleeco [hereinafter "Boaleeco"], with a usual place of business at Waters Way Industrial Park, 56 Pulaski Street, Peabody, Essex County, Massachusetts.

2. The Defendant, FleetBoston Financial Corporation (f/k/a Fleet National Bank) [hereinafter "Fleet"], is a corporation with offices in this Commonwealth at 100 Federal Street, Boston, Suffolk County, Massachusetts.

### Factual Background

#### The Letter of Credit

3. On or about October 25, 1988, Fleet issued a standby letter of credit [hereinafter "letter of credit"] in the original amount of $157,170.00) on behalf of Boaleeco and with a beneficiary of the "Supreme Council of Universities" [hereinafter "SCU"].

4. The letter of credit was issued to secure Boaleeco's performance "to comply with the terms of Contract No. SCU/25-88/ARF."

5. On or about June 30, 1989, Fleet amended the letter of credit to change the beneficiary thereof from SCU to the Central Bank of Egypt [hereinafter "CBE"].

6. On or about June 16, 1998, Fleet further amended the letter of credit to change the amount thereof to $50,000.00.

A TRUE COPY ATTEST

DEPUTY ASS'T CLERK

7. On or about April 23, 2004, Fleet further amended the letter of credit to change the expiration date to December 30, 2004.

8. To this date, December 10, 2004, at no time have any claims been made to Boaleeco by SCU or CBE alleging failure to perform under the subject contract.

9. However, Boaleeco has recently been informed by Fleet that CBE intends to draw on the letter of credit.

10. Neither SCU nor CBE are entitled to draw funds on account of the letter of credit.

11. Despite this fact, Fleet has informed Boaleeco that it intends to honor the recent request by CBE to draw such funds.

12. If Fleet is permitted to pay the funds to CBE, thereby obligating Boaleeco to pay on the letter of credit, Boaleeco will be irreparably harmed because it will be nearly impossible to recoup those funds from CBE, whose offices are, upon information and belief, in Cairo, Egypt, and who is not, or may not, upon information and belief, be susceptible to service and jurisdiction in the Commonwealth.

13. The damage that Boaleeco will likely suffer if Fleet is permitted to pay funds to CBE on account of the letter of credit cannot be adequately and completely remedied at law.

14. Boaleeco has a reasonable likelihood of success on the merits of its claim because there has been no claim or demand upon Boaleeco under the subject contract and there is no basis for demand Fleet on the letter of credit. The original beneficiary of the letter of credit, SCU, upon information and belief, is no longer in operation.

15. Boaleeco seeks an injunction to prohibit Fleet from paying over any funds to CBE on account of the letter of credit to preserve the *status quo* until such time as the issue of whether there is any valid claim by CBE against Boaleeco is resolved.

16. The injunctive relief sought by Boaleeco will not harm Fleet but will preserve the *status quo*. Denial of the injunctive relief sought will irreparably harm Boaleeco now and into the future because it will not be possible for Boaleeco to recoup the funds from CBE if they are improperly or wrongfully paid to CBE by Fleet.

WHEREFORE, Boaleeco requests that this Court:

(a) Issue temporary injunctive relief to enjoin Fleet from paying any funds to CBE on account of the letter of credit;

(b) Preliminarily and permanently enjoin Fleet from paying any funds to CBE on account of the letter of credit; and

(c) award such other relief and issue such other orders as justice may require.

                    Respectfully submitted,
                    H. Bruce Boal and Scott Lee Boal,
                    A Partnership d/b/a Boaleeco,
                    By Its Attorneys,

                    _____
                    Robert L. Holloway, Jr., BBO #238560
                    Thomas J. Flannagan, BBO #564328
                    MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
                    8 Essex Center Drive
                    Peabody, MA 01960
Dated: December 10, 2004  (978) 774-7123

## VERIFICATION

I, H. Bruce Boal, have read the above Verified Complaint and hereby verify that the facts stated therein are true and based upon my own personal knowledge, information and/or belief and/or on the books and records of Boaleeco and, insofar as they are based upon information and belief, I believe them to be true.

Signed this tenth day of December, 2004 under the pains and penalties of perjury.

                    _____
                    H. Bruce Boal

3

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) C A 2225 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) H. Bruce Boal and Scott Lee Boal, A partnership d/b/a BOALEECO | | DEFENDANT(S) FleetBoston Financial Corporation (f/k/a Fleet National Bank) |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert L. Holloway, BBO#238560, Thomas J. Flannagan, BBO#564328 MacLean Holloway Doherty Ardiff & Morse, P.C. 8 Essex Center Drive, Peabody, MA 01960 (878) 774-7123 Board of Bar Overseers number: | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C.231,s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D99 | Injunctive Relief re letter of credit | ( F ) | ( ) Yes  (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................... $
2. Total Doctor expenses .................................................... $
3. Total chiropractic expenses ............................................. $
4. Total physical therapy expenses ..................................... $
5. Total other expenses (describe) ....................................... $
   Subtotal $

B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to date ................................................. $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ......................................................... $
F. Other documented items of damages (describe) ....................................... $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $ _____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This case seeks to enjoin the Defendants from paying on a letter of credit because the Plaintiff has fully performed under the contract to which the letter of credit relates.

TOTAL $. _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have Complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with Information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods:"

Signature of Attorney of Record _____ DATE: 12/10/04

A TRUE COPY ATTEST
_____
DEPUTY ASST. CLERK

Commonwealth of Massachusetts
County of Essex
The Superior Court

CIVIL DOCKET# ESCV2004-02225-C

RE: Boal et al v FleetBoston Financial Corporation

TO: Thomas J Flannagan, Esquire
MacLean Holloway Doherty Ardiff & Morse PC
8 Essex Center Drive
Peabody, MA 01960

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 03/10/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/09/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/09/2005 |
| All motions under MRCP 15 filed | 05/09/2005 |
| All discovery requests and depositions completed | 10/06/2005 |
| All motions under MRCP 56 served and heard | 11/05/2005 |
| Final pre-trial conference held and firm trial date set | 12/05/2005 |
| Case disposed | 02/03/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **C** sitting in **CtRm 3 (Lawrence) at Essex Superior Court.**

Dated: 12/14/2004

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Kevin Jones
Assistant Clerk

Location: CtRm 3 (Lawrence)
Telephone: (978) 687-7463

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 514532 inidoc01 exarhose

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.	TRIAL COURT OF THE COMMONWEALTH
	SUPERIOR COURT DEPARTMENT
	CIVIL ACTION NUMBER: A 2225

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, <br> Plaintiff <br><br> v. <br><br> FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank), <br> Defendant | ) ) ) ) ) ) ) ) ) ) ) |

## *Ex Parte* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco") respectfully requests that this Court enjoin Defendant FleetBoston Financial Corporation (Fleet") as follows:

(a) Temporarily and preliminarily enjoin Fleet from paying any funds to CBE on account of the letter of credit; and

(b) award such other relief and issue such other orders as justice may require.

As grounds for this Motion, Boaleeco hereby incorporates by reference the Verified Complaint. Boaleeco also submits a proposed Order.

Respectfully submitted,
H. Bruce Boal and Scott Lee Boal,
A Partnership d/b/a Boaleeco,
By Its Attorneys,

Robert L. Holloway, Jr., BBO #238560
Thomas J. Flannagan, BBO #564328
MCLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA 01960
Dated: December 10, 2004	(978) 774-7123

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

[handwritten margin note: Welch, J., 12/10/04 Order of Notice to Issue Returnable 12/16/04 at 2pm Attest: [signature], Asst Clerk]

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    TRIAL COURT OF THE COMMONWEALTH
                                              SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NUMBER:

---

H. BRUCE BOAL and SCOTT LEE BOAL,   )
A Partnership d/b/a BOALEECO,       )
         Plaintiff                    )
                                    )
v.                                  )
                                    )
FLEETBOSTON FINANCIAL CORPORATION   )
(f/k/a Fleet National Bank),        )
         Defendant                    )

### Proposed Order

Plaintiff Boaleeco's *Ex Parte* Motion for Temporary Restraining Order is ALLOWED. Accordingly, Defendant FleetBoston Financial Corporation is preliminarily enjoined for ten days from the date of this Order from paying any funds to Central Bank of Egypt on the letter of credit originally issued on October 25, 1988.

By the Court,

_____, J.

Flannagan, Thomas J./28144-1/TJF/49907

3

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    TRIAL COURT OF THE COMMONWEALTH
                                              SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NUMBER 4 2225

H. BRUCE BOAL and SCOTT LEE BOAL,     )
A Partnership d/b/a BOALEECO,         )
                    Plaintiff         )
                                      )
v.                                    )
                                      )
FLEETBOSTON FINANCIAL CORPORATION     )
(f/k/a Fleet National Bank),          )
                    Defendant         )

## PLAINTIFF'S *EX PARTE* MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Pursuant to Mass.R.Civ.P. 4(c), Plaintiff H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco ("Boaleeco") respectfully requests that this Court appoint Richard Lombara of Beverly, Essex County, Massachusetts, a qualified disinterested person knowledgeable in the service of process, a person not a party to this Action, to serve all process in this Action. Appointment of Mr. Lombara will assure the immediate notification of Defendant FleetBoston Financial Corporation of the orders issued by this Court, including but not limited to any orders relating to Boaleeco's request for a temporary restraining order.

Respectfully submitted,
H. Bruce Boal and Scott Lee Boal,
A Partnership d/b/a Boaleeco,
By Its Attorneys,

Robert E. Holloway, Jr., BBO #238560
Thomas J. Flannagan, BBO #564328
MCLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA 01960
Dated: December 10, 2004    (978) 774-7123

Welch, J., 12/10/04
Allowed
Attest: Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    TRIAL COURT OF THE COMMONWEALTH
                                              SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NUMBER: 04-02225

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, Plaintiff  v.  FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank), Defendant | (Welch, J.) 12/13/04  Upon Payment of $90.00  TRO to Issue Returnable  12/16/04 at 2PM  Attest: JB  Asst Clerk |

### EMERGENCY *EX PARTE* MOTION FOR RECONSIDERATION REGARDING PLAINTIFF'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Boaleeco requests that the Court reconsider its decision, made last Friday, December 10, 2004, to issue a Short Order of Notice rather than a Temporary Restraining Order to enjoin Defendant FleetBoston Financial Corporation from paying on a letter of credit. Plaintiff also requests that the Court issue a Temporary Restraining Order to last until such time as the Court, sitting at Lawrence, decides on the Plaintiff's original Temporary Restraining Order Motion. The hearing for that Motion, pursuant to the short order of notice, is set for 2:00 PM on Thursday, December 16, 2004. As grounds for this Motion for Reconsideration, Plaintiff states that its counsel has been informed by the Defendant (who was served in hand with the Complaint, Short Order of Notice, and accompanying papers this morning) will pay on the letter of credit no later than 3:00 p.m. today unless enjoined from doing so by the Court. David Grebe of Defendant Fleet has informed Plaintiff's counsel that the Defendant will refrain from paying only if an order to do so is made by this Court . **Exhibit 1 -- Affidavit of Thomas J. Flannagan.**

A TRUE COPY, ATTEST
*[signature]*
DEPUTY ASST CLERK

WHEREFORE, Plaintiff requests that this Court (1) reconsider its issuance of a short order of notice on Plaintiff's *Ex Parte* Motion for Temporary Restraining Order; and (2) issue a Temporary Restraining Order to last until such time as the Lawrence Superior Court (at the hearing scheduled for 2:00 PM on Thursday, December 16, 2004) renders a decision on Plaintiff's original *Ex Parte* Motion for Temporary Restraining Order.

Respectfully submitted,
H. Bruce Boal and Scott Lee Boal,
A Partnership d/b/a Boaleeco,
By Its Attorneys,

Robert L. Holloway, Jr., BBO #238560
Thomas J. Flannagan, BBO #564328
MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
8 Essex Center Drive
Peabody, MA 01960

Dated: December 13, 2004    (978) 774-7123

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                           TRIAL COURT OF THE COMMONWEALTH
                                     SUPERIOR COURT DEPARTMENT
                                     CIVIL ACTION NUMBER: 04-02225

H. BRUCE BOAL and SCOTT LEE BOAL,    )
A Partnership d/b/a BOALEECO,        )
       Plaintiff                      )
                                     )
v.                                   )
                                     )
FLEETBOSTON FINANCIAL CORPORATION    )
(f/k/a Fleet National Bank),         )
       Defendant                      )

### AFFIDAVIT OF THOMAS J. FLANNAGAN

I, Thomas J. Flannagan, hereby depose and state the following of my own personal knowledge.

1. I am an attorney representing the Plaintiff Boaleeco.

2. On December 10, 2004, I brought an Ex Parte Motion for Temporary Restraining Order with this Court, seeking to enjoin Defendant FleetBoston Financial Corporation ("Defendant") from paying on a letter of credit.

3. This Court issued a Short Order of Notice rather than a Temporary Restraining Order, and a hearing is scheduled for 2:00 p.m. on Thursday, December 16, 2004 in Lawrence.

4. Service was made in hand upon the Defendant this morning. Shortly after service was made, Defendant's representative, David Grebe, called to inform me that he had received service of all papers. He also informed me that because a restraining order had not been issued by the Court the Defendant had no choice but to pay on the letter of credit no later than 3:00 p.m. today (December 13, 2004).

5. Unless a Temporary Restraining Order is granted, the Defendant will pay on the letter of credit. Accordingly, the Plaintiff continues to have no adequate remedy at law.

Subscribed and sworn to under the pains and penalties of perjury this 13th day of December, 2004.

_____
Thomas J. Flannagan

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    TRIAL COURT OF THE COMMONWEALTH
                                              SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NUMBER:

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO, Plaintiff | ) ) ) ) |
| v. | ) ) ) |
| FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank), Defendant | ) ) ) ) |

### ~~Proposed~~ Order

Plaintiff Boaleeco's "Emergency *Ex Parte* Motion for Reconsideration Regarding Plaintiff's *Ex Parte* Motion for Temporary Restraining Order" is ALLOWED. After reconsideration, Plaintiff's *Ex Parte* Motion for Temporary Restraining Order is ALLOWED. Accordingly, Defendant FleetBoston Financial Corporation is preliminarily enjoined from the date of this Order from paying any funds to Central Bank of Egypt on the letter of credit originally issued on October 25, 1988. This temporary restraining order shall continue in effect until such time as this Court, sitting at Lawrence, decides Plaintiff's original "*Ex Parte* Motion for Temporary Restraining Order", which is scheduled for hearing at 2:00 PM on Thursday, December 16, 2004 at Lawrence Superior Court. *This order expires at 2:00 p.m. December 16, 2004.*

By the Court,

_____, J.

12/15/04

A TRUE COPY ATTEST

_____
DEPUTY

Flannagan, Thomas J./28144-1/TJF/49907



# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, A Partnership d/b/a BOALEECO,<br><br>Plaintiff,<br><br>v.<br><br>FLEETBOSTON FINANCIAL CORPORATION (f/k/a Fleet National Bank)<br><br>Defendant. | Civil Action No. 04 12634 N<br><br>**NOTICE OF REMOVAL** |

**To: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1441 and 1446, and 12 U.S.C. §632, defendant Fleet National Bank, erroneously called Fleet Boston Financial Corporation ("Fleet") hereby files this Notice of Removal in the above-entitled action and sets out below the grounds for this Notice of Removal.

1. On December 10, 2004, plaintiffs H. Bruce Boal and Scott Lee Boal, A Partnership d/b/a Boaleeco, ("Boaleeco") filed a complaint (the "Original Complaint") against "FleetBoston Financial Corporation (f/k/a Fleet National Bank)" in the Superior Court of Essex County, Massachusetts. On December 13, 2004, Boal served process of the Original Complaint and Ex Part Motion for Temporary Restraining Order on Fleet National Bank.

2. On December 13, 2004, the Superior Court, Welch, J., entered a Temporary Restraining Order precluding Fleet from making payment on its Letter of Credit No. I-053-

NETS50027515 (the "Letter of Credit") originally issued in favor of the "Supreme Council of Universities" in Cairo, Egypt. The Letter of Credit as later amended making the Central Bank of Egypt the beneficiary.

3. The Complaint seeks damages and declaratory relief in connection with a Letter of Credit. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 12 U.S.C. §632 because defendant Fleet National Bank is a national banking association organized and existing under the laws of the United States, and the cause of action arises out of international banking transactions.

4. A copy of all process and pleadings served upon defendant FleetBoston Financial Corporation are filed with this notice and are attached as Exhibit A.

5. Fleet will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d), including filing a copy of this notice with the clerk of the Superior Court of Essex County, Massachusetts.

> FLEET NATIONAL BANK, erroneously named FLEETBOSTON FINANCIAL CORPORATION,
> By its attorneys,
>
> Donn A. Randall, BBO# 631590
> J. Patrick Kennedy, BBO# 565778
> Bulkley, Richardson, and Gelinas LLP
> One Post Office Squire, Suite 3700
> Boston, Massachusetts 02109
> Telephone: (617) 368-2500
> Facsimile: (617) 368-2525
> Email: drandall@bulkley.com

Dated: December 15, 2004

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2004-02225

RE:   Boal et al v FleetBoston Financial Corporation

TO:   District Court
      Division of the Trial Court

## ORDER of TRANSFER to U.S. DISTRICT Court

ORDER transferring case to United States District Court (Patrick Riley, Justice) on the docket of said Court, with all the papers relating, thereto, be transferred to this Court under the provisions of General Laws Chapter 223, Sec. 2(b).

Dated at Lawrence, Massachusetts this 3rd day of January, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

By:......Rocio M. Collado........
Deputy Assistant Clerk

Telephone (978) 687-7463

A TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

cvdortracas_1.wpd 518230 ortracas collado