# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| H. BRUCE BOAL and SCOTT LEE BOAL, )<br>A Partnership d/b/a BOALEECO, )<br>    Plaintiff )<br> )<br>v. )<br> )<br>FLEETBOSTON FINANCIAL CORPORATION )<br>(f/k/a Fleet National Bank), )<br>    Defendant ) | Civil Action No.: 04-12634-NG |

## PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIM

Pursuant to Fed.R.Civ.P. 8, Plaintiffs H. Bruce Boal and Scott Lee Boal ("Boaleeco") hereby reply as follows to the Counterclaim filed by Defendant FleetBoston Financial Corporation:

1. Upon information and belief, admitted.

2. Admitted.

3. Paragraph 3 of the Counterclaim states a legal conclusion and, therefore, requires no response. To the extent that a response is required, Boaleeco admits the allegations of Paragraph 3.

4. Admitted.

5. Admitted.

6. Boaleeco is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in the first sentence of Paragraph 6. Boaleeco denies the allegations stated in the second sentence of Paragraph 6, *i.e.*, Boaleeco denies that a copy of the original Standby Letter of Credit and pertinent amendments are attached to the Counterclaim.

7. Admitted.

8. Boaleeco is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in the first sentence of Paragraph 8.

9. Boaleeco is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in the first sentence of Paragraph 9.

1

10. Admitted.

11. Boaleeco states that the Standby Letter of Credit Agreement speaks for itself, and, therefore, no response to Paragraph 11 is required. To the extent that a response is required, Boaleeco admits that the Defendant has correctly quoted paragraph 3 of the Standby Letter of Credit Agreement.

12. Boaleeco states that the Standby Letter of Credit Agreement speaks for itself, and, therefore, no response to Paragraph 12 is required. To the extent that a response is required, Boaleeco admits that the Defendant has correctly quoted paragraph 4 of the Standby Letter of Credit Agreement.

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

**AFFIRMATIVE DEFENSES**

**I.    Failure to State Claim:**

Further answering the Counterclaim, Boaleeco states that the Defendant has failed to state a claim upon which relief may be granted.

**II.   Estoppel:**

Further answering the Counterclaim, Boaleeco states that the Defendant, by its acts or statements or both, is estopped from asserting its claims against Boaleeco.

**III.  Waiver:**

Further answering the Counterclaim, Boaleeco states that the Defendant, by its acts or statements or both, has waived its claims against Boaleeco.

**IV.   Release:**

Further answering the Counterclaim, Boaleeco states that the Defendant, by its acts or statements or both, has released Boaleeco from liability for its claims.

**V.     Breach of Contract:**

Further answering the Counterclaim, Boaleeco states that the Defendant's claims are barred because the Defendant has breached the Standby Letter of Credit Agreement purporting to form the basis for the Defendant's claims against Boaleeco.

**VI.    Breach of Warranties:**

Further answering the Counterclaim, Boaleeco states that the Defendant's claims are barred because the Defendant has breached warranties to Boaleeco with regard to the Standby Letter of Credit.

**VII.   Mass.Gen.Laws Chapter 106:**

Further answering the Counterclaim, Boaleeco states that the Defendant's claims are barred by the relevant provisions of Mass.Gen.Laws c. 106 (U.C.C., Article 5) because the Defendant has, among other things, wrongfully paid on the letter of credit and charged Boaleeco's account.

WHEREFORE, Boaleeco demands judgment of dismissal in its favor as to all counts and claims against it in the Defendant's Counterclaim, together with damages, reasonable attorney's fees and other expenses of litigation, and such other relief as this Court deems appropriate in the interest of justice.

                              Respectfully submitted,
                              Plaintiffs H. Bruce Boal and Scott Lee Boal,
                              A Partnership d/b/a Boaleeco,
                              By Its Attorneys,

                              /s/ Thomas J. Flannagan
                              Robert L. Holloway, Jr., BBO #238560
                              Thomas J. Flannagan, BBO #564328
                              MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE P.C.
                              8 Essex Center Drive
                              Peabody, MA   01960
Dated:  January 24, 2005     (978) 774-7123